UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|  |  |  |
|---|---|---|
| ANTHONY TANKER, | : | CASE NO. 1:18CV1726 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINON & ORDER |
|  | : |  |
| MELINDA HOMID, *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Anthony Tanker has filed an *in forma pauperis* civil rights Complaint against Defendants Melinda Homid and Alex "Rokias" (Doc. No. 1). The Complaint does not set forth clear factual allegations, or specific legal claims. The Plaintiff's Complaint merely claims that his "civil rights" have been violated because "the District Attorney and Chief Counsel" are taking "100% of [his] money" and he was "falsely prosecuted." (*Id*. at 4, ¶ 3.) For relief, he seeks two hundred million dollars. (*Id*. at ¶ 4.)

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim" under § 1915(e)(2)(B)). Although *pro se* pleadings are liberally construed, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). *Pro se* plaintiff must still meet basic pleading requirements, and courts are not required to conjure allegations or construct legal claims on their behalf. *See Erwin Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

The Court finds the Plaintiff's Complaint should be dismissed under § 1915(e)(2)(B). The Plaintiff's conclusory allegations do not reasonably suggest he has any plausible federal civil rights claim against either Defendant. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief).

Further, to the extent the Plaintiff is purporting to challenge the Social Security Administration's (SSA) withholding of social security payments to him, Judge Polster has already determined, in a prior civil action the Plaintiff filed, that the SSA was properly withholding all of the Plaintiff's monthly social security benefits until he re-paid the $36,096.28 he was found to owe in a federal criminal case. *See Tanker v. Commissioner of Social Security*, Case No. 1: 15 CV 469 (N.D. Ohio Aug. 24, 2015).

To the extent he contends he was "falsely prosecuted" in the federal criminal case, his Complaint fails to allege any cognizable civil rights damages claim because nothing in his Complaint suggests that his federal criminal conviction or sentence has been invalidated or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

Case No. 1:18CV01726
Gwin, J.

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

## Conclusion

Accordingly, the Plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and his Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: October 25, 2018                     *s/    James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE